UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY LEONARD** | * |
| | * |
| Plaintiff, | * CIVIL ACTION |
| | * |
| **VERSUS** | * NO. |
| | * |
| **ILLINOIS CENTRAL RAILROAD COMPANY** | * |
| | * |
| | * SECTION " " |
| Defendant. | * MAGISTRATE: |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT FOR DAMAGES

The Complaint of Leroy Leonard, a person of the full age of majority, and a resident of the Parish of St. Tammany, State of Louisiana, respectfully represents the following:

**I.**

Defendant Illinois Central Railroad Company (hereinafter referred to as "Illinois Central") is a corporation duly organized and existing under the laws of the State of Illinois, authorized to do and doing business in the Eastern District of Louisiana, State of Louisiana.

**II.**

This is an action arising under the provisions of the Federal Employers' Liability Act, 45 U.S.C. Sec. 51, et seq. and Federal Safety Appliance Act, Title 49 U.S.C. Sec. 20301, *et seq.*, to recover damages for personal injuries sustained by Plaintiff while employed by Defendant Illinois Central and while engaging in interstate commerce.

**III.**

Jurisdiction of this Honorable Court is conferred by 28 U.S.C. 1337.

### IV.

At all times material hereto, Plaintiff is and/or has been an employee of Defendant Illinois Central and its predecessor corporations, for which Defendant is liable, and the injuries and damages sustained by Plaintiff, as hereinafter set forth, were sustained by Plaintiff while engaged in the course of his employment duties, and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

### V.

Defendant, Illinois Central, is and was at all times mentioned herein, a common carrier by railroad; owning, operating, and maintaining in interstate commerce, a railway system, involving railroad tracks and facilities located throughout the State of Louisiana and within the Eastern District of Louisiana.

### VI.

On or about December 8, 2013, Plaintiff was in the usual and customary performance of his duties as a conductor working for Defendant Illinois Central at its Geismar Yard in Geismar, Louisiana.

### VII.

On said date, Plaintiff was switching cars as a Remote Control Conductor riding on a tank car during a switching move, when suddenly and without warning, he was thrown from the car to the ground; causing Plaintiff to suffer significant injuries to head, neck, low back and knee, inter alia.

### VIII.

The aforesaid injuries were incurred as a result of Illinois Central's negligent conduct and/or its violation of the Federal Safety Appliance Act on that date.

## IX.

Plaintiff's injuries were caused in whole or in part by the negligence of Defendant generally and in the following particulars:

(a) In failing to provide Plaintiff a reasonably safe place in which to work;

(b) In negligently assigning Plaintiff to this position, requiring him to place himself in a dangerous position on moving railroad equipment when Defendant knew or should of known of the hazards regarding same;

(c) In failing to provide reasonably adequate supervision to ensure that safe work conditions and methods were available to Plaintiff when Defendant knew, or in the exercise of ordinary care should have known thereof that such working conditions would likely cause substantial harm;

(d) In failing to exercise reasonably safe methods for work when Defendant knew or in the exercise of ordinary care should have known of such unsafe working conditions, and that such condition was reasonably likely to cause substantial harm to Plaintiff;

(e) In failing to allow Plaintiff to take breaks when Defendant knew, or in the exercise of ordinary care should have known of such unsafe working conditions (based on Plaintiff's medical condition), and that such conditions were reasonably likely to cause substantial harm;

(f) In failing to comply with the applicable government regulations;

(g) In failing to use ordinary care by requiring Plaintiff to work in unsafe working conditions;

(h) In failing to use ordinary care to furnish Plaintiff with a reasonably safe

place to work by failing to inspect, maintain and repair its cars in its switching yard; and

(i) In failing to employ and require safe working practices for Plaintiff once Defendant became aware of Plaintiff's medical condition.

### X.

Defendant is also liable to Plaintiff for its failure to comply with and its violation of the Federal Safety Appliance Act, Title 49 U.S.C. Sec. 20301, *et seq*, regarding its failure to have safe air brakes on its cars.

### XI.

As a direct result of the negligence and/or its violation of the Federal Safety Appliance Act, Plaintiff suffered severe and painful injuries and has physical limits and restrictions regarding his head, neck, low back and knee, *inter alia*. caused by the injury of December 8, 2013.

### XII.

Plaintiff has experienced and endured pain, and may for an indefinite period of time in the future experience and endure pain, suffering, inconvenience, irritation, annoyance, limits, restrictions, impairment of his body; has incurred mental pain and anguish, past and future; has incurred and will incur further medical expenses associated with the treatment of his injuries; has been placed at risk for further injury; has suffered the loss of the ability to engage in his usual activities and occupation, the impairment of his earnings and earning capacity, the impairment of his general health, strength and vitality, and the loss of the ability to enjoy the various pleasures of life.

## XIII.

Plaintiff is entitled to and demands a trial by jury herein.

**WHEREFORE**, Plaintiff, Leroy Leonard, prays that Defendant, Illinois Central Railroad Company, be duly cited and served with a copy of this Complaint and be made to appear and answer same, and after due proceedings are had, there be judgment rendered herein in favor of Plaintiff, Leroy Leonard, and against Defendant, Illinois Central Railroad Company, for all damages reasonable in the premises, together with legal interest thereon from date of judgment, until paid, and for all costs of these proceedings.

Respectfully submitted,

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

/s/ *Blake G. Arata, Jr.*
BLAKE G. ARATA, JR., Bar No. 1697
C. PERRIN ROME, III, Bar No. 17774
W. CHAD STELLY, Bar No. 21140
650 Poydras Street, Suite 2017
New Orleans, Louisiana  70130
Telephone: (504) 522-9980
Facsimile:  (504) 522-9971
E-mail:         barata@romearata.com
                    wcstelly@romearata.com
***Attorneys for Plaintiff, Leroy Leonard***

**PLEASE SERVE:**

**ILLINOIS CENTRAL RAILROAD COMPANY**
through its Agent for Service of Process:
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana  70802